Maria A. **FERNANDEZ**,
Plaintiff–Appellant,

v.

Michael **CHERTOFF**,[*] Secretary,
Defendant–Appellee.

No. 05–15873.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2007.

Filed Feb. 14, 2007.

Howard Moore, Jr., Esq., Oakland, CA, for Plaintiff–Appellant.

Claire T. Cormier, USSJ—Office of the U.S. Attorney, San Jose, CA, Julie A. Arbuckle, U.S. Department of Justice Northern District of California, San Francisco, CA, for Defendant–Appellee.

---

[*] Michael Chertoff is substituted for his predecessor, Tom Ridge, as Secretary of the Department of Homeland Security. Fed. R.App. P. 43(c)(2).

Before: REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Maria Fernandez appeals the district court's grant of summary judgment in favor of the Secretary of Homeland Security on her discrimination claim under § 501 of the Rehabilitation Act, 29 U.S.C. § 791. We affirm.

We assume, without deciding, that Fernandez has identified sufficient facts to survive summary judgment on whether she was "disabled" within the meaning of the Act and whether she was qualified to perform the essential functions of her position. Fernandez has not, however, produced sufficient evidence to raise a genuine issue of material fact as to whether the INS's non-discriminatory explanation for her termination—her inability to submit cases in a timely fashion—was pretextual.

In discrimination claims, pretext can be established by demonstrating that "a discriminatory reason more likely motivated the employer or ... that the employer's proffered explanation is unworthy of credence." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093–94 (9th Cir.2001) (citation omitted). It is undisputed that Fernandez's case backlog accrued *before* she experienced any problems with her hands and wrists. Furthermore, INS officials identified this backlog as problematic in an email on February 9 and during a performance review on February 11, both of which occurred *before* they were informed of Fernandez's asserted disability in a February 12, 1999, doctor's note.

There is nothing in the record to connect the INS's proffered reason for terminating Fernandez to her asserted disability nor anything to discredit its legitimacy.

Fernandez has also failed to establish a genuine issue of material fact on whether the INS reasonably accommodated her carpal tunnel syndrome. It is undisputed that the INS acceded to all directives by Fernandez's physicians; she was placed on "light duty" and her workstation was evaluated by an ergonomic specialist.

Finally, we find no reversible error in the district court's evidentiary rulings.

AFFIRMED.

REINHARDT, Circuit Judge, dissenting:

I dissent. Fernandez did not receive a reasonable accommodation. As a result, she was terminated because of her disability. The "accommodation" Fernandez did receive served only to prevent her from demonstrating for the remainder of her probationary period that she could do her job, and, thus, made her discharge inevitable.

Before Fernandez became disabled, her rate of writing up asylum cases was improving and her supervisors had decided to give her an opportunity to show that she could process applications more quickly. When Fernandez became disabled, however, the INS refused her the accommodation of voice recognition software, which would have allowed her to continue in her job, and instead put her on light duty in the file room. Because under the "accommodation" she was afforded, her duties no longer included adjudicating asylum cases, the "accommodation" precluded her from demonstrating that she could make the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

improvements the supervisors deemed necessary. As a result, she was terminated soon after the "accommodation" occurred.

Accordingly, I would hold that the accommodation Fernandez was afforded was no accommodation at all, and that a genuine issue of material fact exists as to whether she would have been able to demonstrate that she could fulfill her job requirements if given a reasonable accommodation—if she had been provided with voice recognition software. I need not reach the question of other types of accommodations the INS might have been required to offer, such as extending the probationary period or offering a transfer to another available position.